IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-127-BO

| | |
|---|---|
| JONATHAN I. LOWE, )<br>        Plaintiff, )<br> )<br>v. )<br> )<br>CARLOS DEL TORO, Sec. Dept. of the )<br>Navy, )<br>        Defendant. ) | O R D E R |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the reasons that follow, defendant's motion to dismiss is granted in part and denied in part.

BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this action by filing a complaint on October 17, 2022, alleging three claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §§ 2000e, *et seq*. Plaintiff, who is African American, alleges that he experienced a hostile work environment, disparate treatment, and retaliation. As alleged in plaintiff's complaint, he worked as a materials examiner at the Fleet Readiness Center East at Marine Corps Air Station Cherry Point for approximately twelve years. [DE 1-1 p. 1]. Plaintiff alleges that in 2014 a white co-worker tied a rope into a noose, and, while looking at plaintiff, said that he had made it for plaintiff. *Id.* This was witnessed by a co-worker. Plaintiff reported the incident to the base Equal Employment Opportunity (EEO) manager, who asked plaintiff what it was he wanted her to do about it. *Id.* Later in the week plaintiff informed his

division director who, despite having confirmed that that incident occurred, took no action. *Id.* at p. 1-2. A few days later, another white co-worker referred to plaintiff by saying "Hey, spearchucker, John." *Id.* p. 2. Prior to these events, plaintiff had seen a white co-worker wearing a shirt depicting President Obama as a chimpanzee and plaintiff had been told by other black co-workers that white co-workers had told them race jokes. *Id.* Plaintiff alleges that though he reached out to his EEO manager and the division director within the forty-five day period, neither had responded to him. Plaintiff further alleges that feared retaliation if he made a formal complaint, including harm to himself or his family. *Id.*

A few weeks later, plaintiff applied for security clearance for which he alleges he was wrongly denied and he was put on unpaid leave. *Id.* Before applying for security clearance, plaintiff had been told to use a co-worker's access card in lieu of having security clearance. *Id.* After he appealed the denial of his security clearance, plaintiff was ultimately given security clearance and he returned to work in March 2019. *Id.* p. 3. Plaintiff filed an EEO complaint on June 14, 2019, in which he described the "whole pattern," including the noose incident. *Id.*

Plaintiff alleges that while he waited for the EEO process to proceed through an appeal, he found that he was no longer listed as eligible to work overtime hours, though he was eligible. *Id.* p. 4. In August 2022, plaintiff alleges he received an unwarranted Letter of Caution from his white supervisor. *Id.* Plaintiff alleges that he asked his supervisor whether he was the only person receiving such a letter and commented that he was being targeted. *Id.* Later that week, his supervisor issued Letters of Caution to plaintiff's white peer and work leader. *Id.* Plaintiff alleges that he was told by his work leader that their supervisor had stated that he did not want to give him (plaintiff's supervisor) a Letter of Caution but that he had to because he had written plaintiff up. *Id.*

Plaintiff's EEO complaint was investigated by the Navy and plaintiff exercised his right to a hearing before an Equal Employment Opportunity Commission (EEOC) administrative judge. [DE 1-2]. The administrative judge found in favor of the Navy, concluding that it had articulated legitimate, non-discriminatory reasons for its actions and plaintiff had failed to show these reasons were pretext. *Id.* On July 20, 2022, plaintiff's appeal pursuant to 29 C.F.R. § 1614.403(a) from the agency's final order was decided. *Id.* The agency's decision was affirmed, and plaintiff was notified of his right to institute a civil action. *Id.* On September 19, 2022, plaintiff notified an EEO counselor on base that he intended to file a new complaint concerning overtime eligibility. [DE 1-1 p. 4].

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Id.*

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the

3

unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

In deciding the instant motion, the Court has considered the materials attached to the complaint without needing to convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 10(c); *Am. Chiropractic Assoc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

Defendant argues first that plaintiff's claims are untimely and unexhausted. In order to file a Title VII claim of discrimination against the federal government, a plaintiff must first exhaust his administrative remedy. *See* 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.105. In cases such as this, the plaintiff must contact an Equal Employment Opportunity counselor to report discrimination within 45 days of the alleged action in order to initiate the administrative exhaustion process. *See* 29 C.F.R. § 1614.105(a)(1); *Kobraei v. Alexander*, 521 Fed. Appx. 117, 118 (4th Cir. 2013. Claims about conduct that was not reported to an EEO Counselor within 45 days will be considered not exhausted. *Murphy v. West*, 172 F.3d 863, 1999 WL 64284 at *3 (4th Cir. 1999). "[A]dministrative exhaustion is a condition precedent to suit that functions like a statute of limitations." *Wilkinson v. Rumsfeld*, 100 F. App'x 155, 157 (4th Cir. 2004). It is not jurisdictional, and thus is subject to equitable tolling. *See Iskander v. Dep't of Navy*, 7 F. Supp. 3d 590, 593 (E.D.N.C. 2014); *Hatcher-Capers v. Haley*, 773 F. Supp. 486, 488 (D.D.C. 1991).

To "'initiate contact' an employee must (1) contact an agency official logically connected with the EEO process, even if that official is not an EEO counselor; (2) exhibit an intent to begin the EEO process; and (3) allege that an incident in question is based on discrimination[.]" *Pueschel v. Veneman*, 185 F. Supp. 2d 566, 569 (D. Md. 2002) (citation omitted).

Plaintiff concedes in his response to the motion to dismiss that his retaliation claim should be dismissed because he failed to exhaust his administrative process. Accordingly, his retaliation

4

claim based upon his ineligibility for overtime and letter of caution is dismissed. Remaining are his hostile work environment and disparate treatment claims.[1]

A. Disparate treatment

To prevail on a disparate treatment claim, plaintiff "must show: (1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019).

Plaintiff alleges that his security clearance was denied and he was put on unpaid leave, unlike two white co-workers who were put on paid leave after incurring infractions. Plaintiff does not allege that he reported any incidents which would support his disparate treatment claim to an EEO counselor. This claim is thus unexhausted. Moreover, plaintiff does not allege that he his alleged comparators were similarly situated. Comparison employees must be similarly situated in all relevant aspects. *Purchase v. Astrue*, 539 F. Supp. 2d 823, 830 (E.D.N.C. 2008) (citing *Cronquist v. City of Minneapolis*, 237 F.3d 920, 928 (8th Cir. 2001)). Plaintiff does not plausibly

---

[1] Defendant correctly argues that plaintiff cannot use this Title VII action to attack the agency's handling of his EEO complaint.

> Title VII does not provide an implied cause of action permitting a plaintiff to challenge procedural deficiencies in an agency's handling of an EEO complaint. As the Seventh Circuit has explained, a federal employee may only challenge under Title VII an agency's disposition of his substantive discrimination complaint. *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000). Once the employee files a Title VII action in district court, "any earlier mishandling [of the administrative complaint] is essentially moot." *Id.* Thus, when there have been procedural irregularities in an agency's handling of an employee's EEO complaint, the employee does not have a right under Title VII to file a separate procedural claim, but must seek redress for the alleged discrimination by filing a substantive claim to be adjudicated de novo in the district court."

*Nielsen v. Hagel*, 666 F. App'x 225, 232 (4th Cir. 2016).

5

allege that his comparators were similarly situated in all relevant respects, and this claim is properly dismissed.

B. Hostile work environment

A hostile work environment exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citation omitted). In order to prove a claim for a hostile work environment in violation of Title VII, a plaintiff must demonstrate that "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff identifies several discrete incidents which he contends together created a hostile work environment. Four incidents clearly related to his race occurred in 2014, including the noose and the racial slur. *See also Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (single incident may form basis of hostile work environment claim). Additionally, in 2018, plaintiff was placed on indefinite suspension due to being found ineligible for a security clearance. Plaintiff alleges that he was allowed to apply for the security clearance just a few weeks after reporting the noose incident to his EEO counselor, and that it was as a result of this application that his security clearance was eventually revoked.

Plaintiff alleges that he reported his co-worker's conduct making a noose to his EEO manager the same day it occurred, but she did not take any action and did not counsel plaintiff regarding his right to file an EEO complaint. "Throughout the administrative process, the

6

complainant must be provided adequate notice of his rights[.]" *Jones v. Spencer*, No. 4:17-CV-00145-FL, 2018 U.S. Dist. LEXIS 138708, at *7 (E.D.N.C. Aug. 16, 2018); *see also* 29 C.F.R. § 1614.105. The Court determines that, at this stage of the proceeding, dismissal is not appropriate on the basis of exhaustion or timeliness, or whether equitable tolling should apply. It is unclear whether plaintiff was aware he could initiate an EEO complaint in 2014.

Moreover, though defendant argues that plaintiff's suspension is unrelated to the 2014 incidents and that the actions of plaintiff's co-workers cannot be imputed to defendant, the Court determines that these are fact-intensive issues which are better decided after discovery.

## CONCLUSION

In sum, defendant's motion to dismiss [DE 9] is GRANTED IN PART and DENIED IN PART. Plaintiff's retaliation and disparate treatment claims are DISMISSED. Plaintiff's hostile work environment claim will proceed.

SO ORDERED, this __1__ day of Sept. 2023.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7